# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-1955-RBJ

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOES 1-27,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY
SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE AND
INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff, Patrick Collins, Inc., moves for entry of an order granting it leave to serve third party subpoenas prior to a Rule 26(f) conference (the "Motion"), and submits the following memorandum in support.

## I. INTRODUCTION

Plaintiff seeks leave to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") so that Plaintiff may learn Defendants' true identities. Plaintiff is suing each of the Defendants for using the Internet and the BitTorrent protocol to commit direct and contributory copyright infringement.

Since Defendants used the Internet to commit their infringement, Plaintiff only knows Defendants by their Internet Protocol ("IP") addresses. Defendants' IP addresses were assigned to the Defendants by their respective Internet Service Providers ("ISPs"). Accordingly, the ISPs can use the IP addresses to identify the Defendants. Indeed, ISPs maintain internal logs which record the date, time and

1

customer identity for each IP address assignment made by that ISP. Significantly, the ISPs may maintain these logs for only a short period of time.

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the ISPs and any related intermediary ISPs. Any such subpoena will demand the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP issued an IP address.[1] Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve the Defendants nor pursue this lawsuit to protect its valuable copyrights.

## II. ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008) (numbers added). See also, Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause

---

[1] A MAC address is a number that identifies the specific computer used for the infringing activity.

standard to permit discovery. Some other courts, in the context of a defendant's First Amendment right to privacy, also require Plaintiff to: (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. See Sony Music Entertainment v. Does 1-40, 326 F.Supp. 556, 564-565 (S.D.N.Y. 2004). Here, Plaintiff easily satisfies all of these requirements. Accordingly, this Court should grant the Motion.

### A. Circuit Courts Unanimously Permit Discovery to Identify John Doe Defendants

Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants. For example, the First Circuit held in Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011) that "[a] plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." See also David v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) ("Courts have rejected the dismissal of suits against unnamed defendants . . . until the plaintiff has had some opportunity for discovery to learn the identities."). Accord Blakeslee v. Clinton County, 336 Fed.Appx. 248, 250 (3d Cir. 2009); Chidi Njoku v. Unknown Special Unit Staff; 217 F.3d 840 (4th Cir. 2000); Green v. Doe, 260 Fed.Appx. 717, 719 (5th Cir. 2007); Brown v. Owens Corning Inv. Review Committee, 622 F.3d 564, 572 (6th Cir. 2010); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985); Young v. Transportation Deputy Sheriff I, 340 Fed Appx. 368 (9th Cir. 2009); Krueger v. Doe, 162 F.3d 1173, (10th Cir. 1998); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

### B.    Good Cause Exists to Grant the Motion

#### 1.    Plaintiff Properly Pled Copyright Infringement

Plaintiff satisfied the first good cause factor by properly pleading a cause of action for copyright infringement:

> 50.    Plaintiff is the owner of the copyrights for the Works, each of which contains an original work of authorship.
>
> 51.    By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the Works that are original.
>
> 52.    Plaintiff did not authorize, permit or consent to Defendants' copying of its Works.

Complaint at ¶¶ 50-52. See 17 U.S.C. §106; In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."). Further, Plaintiff's allegations of infringement are attested to by Plaintiff's investigator, IPP, Limited's employee, Tobias Fieser. See Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference ("Fieser Declaration") at ¶¶ 18 and 22, Exhibit A. Accordingly, Plaintiff has exceeded its obligation to plead a prima facie case.

#### 2.    There Is No Other Way To Obtain Defendants' True Identities

Other than by getting the information from the Defendants' ISPs, there is no other way to obtain Defendants' true identities because "[o]nly the ISP to whom a particular IP address has been assigned for use by its subscribers can correlate the IP address to a

real person, the subscriber of the internet service." Fieser Declaration at ¶ 9. Indeed, "[o]nce provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the subscriber" [i.e., the Defendant]. Fieser Declaration at ¶ 23. Since there is no other way for Plaintiff to obtain Defendants' identities, except by serving a subpoena on Defendants' ISPs demanding it, Plaintiff has established the second good cause factor. See Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### 3. There Is A Risk That An ISP Will Destroy Its Logs Prior To The Rule 26(f) Conference

Logically, it is not possible for Plaintiffs to have a 26(f) conference with the Defendants until Plaintiff learns their identities. Therefore, since "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time," see Fieser Declaration at ¶ 11, it is an absolute certainty, unless this Motion granted, that the identifying records will be destroyed in advance of the 26(f) conference. Further, unless action is taken quickly, the ISPs' records may be deleted or destroyed and Plaintiff's right to sue Defendants for infringement may be forever lost. Since the identifying records will undoubtedly be destroyed before a 26(f) conference, which cannot occur until Plaintiff obtains Defendants' identities from their ISPs, Plaintiff has satisfied the third good cause factor. UMG, 2008 WL 4104214, *5.

### 4. Plaintiff Has Clearly Identified The Information Sought Through Discovery

Plaintiff seeks to discover from the Defendants' ISPs the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the

5

Defendants.  This is all specific information that is in the possession of the Defendants' ISPs.  Since the requested discovery is limited and specific, Plaintiff has satisfied the fourth good cause factor.   Sony, 326 F. Supp. At 566.

### 5. Plaintiff Needs The Subpoenaed Information To Advance The Asserted Claims

Obviously, without learning the Defendants' true identities, Plaintiff will not be able to serve the Defendants with process and proceed with this case.   Plaintiff's important statutorily protected property rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving Plaintiff's rights.  Since identifying the Defendants by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fifth good cause faith factor.  Id.

### 6. Plaintiffs' Interest in Knowing Defendants' True Identities Outweighs Defendants' Interests in Remaining Anonymous

Plaintiff has a strong legitimate interest in protecting its copyrights.   Defendants are all copyright infringers that have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in distributing the copyrighted works in question without permission. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); and Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission.")  Since Defendants do not have

a legitimate interest in remaining anonymous and Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, Plaintiff has established the sixth good cause faith factor.

### III. CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue Rule 45 subpoenas to the Defendants' ISPs. A proposed order is attached as Exhibit B.

Dated: July 28, 2012

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*