IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01955-RBJ-MEH

PATRICK COLLINS, INC.,

      Plaintiff,

v.

JOHN DOES 1-27,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 6, 2012.**

Pending before the Court is a Motion to Quash [filed October 31, 2012; docket #18] filed by Jesus Bertaud (Internet Protocol Address 67.190.90.203; Doe #14). Defendant Bertaud objects to the disclosure of the information sought the Comcast subpoena; however, Defendant includes his name, address, and telephone number within the publicly-filed motion. (*See* docket #18.)

In cases like the present matter where defendants object to the disclosure of identifying information but publicly provide the information in a motion to quash, courts have found that such motions may be rendered moot by the disclosure. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 n.7 (N.D. Ill. 2011) (noting that defendants moving to quash subpoenas served on their internet service providers for their identifying information "may have very nearly rendered moot their own motions to quash" by filing the motions under their own names and addresses); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (finding that a motion to quash may be moot where a defendant seeking to protect her identity includes her name and address in the motion). Filing a motion under seal, as provided by D.C. Colo. LCivR 7.2B, is one way for a litigant to avoid publicly disclosing his or her identity. *See Achte/Neunte*, 736 F. Supp. 2d at 215 (distinguishing a defendant who filed his motion to quash under seal from defendants who filed their motions on the public record and finding that the former defendant's motion was not moot).

Although Defendant contests the extent to which an IP address may be used to identify an actual copyright infringer, Defendant does not deny that the IP address listed in the subpoena is his own. In light of Defendant's disclosure of his name, address, and telephone number, the Court finds that any ruling on the merits of Defendant's Motion to Quash would have little, if any, practical effect. Therefore, Defendant's Motion to Quash is **denied as moot**.